UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:22-cr-20449

HONORABLE STEPHEN J. MURPHY, III

v.

LASHA CHILDS,

          Defendant.

_____/

### OPINION AND ORDER RESOLVING DEFENDANT'S OBJECTION TO AN OBSTRUCTION OF JUSTICE ENHANCEMENT

Defendant Lasha Childs pleaded guilty to being a felon in possession of ammunition. ECF 41. The Court convened a sentencing hearing but adjourned it and ordered supplemental briefing on an obstruction of justice enhancement issue that Defendant raised under U.S.S.G. § 3C1.1. ECF 49; 50. The sentencing hearing was rescheduled for October 19, 2023. *Id.* On October 17, 2023, the Government informed the Court's chambers that it intends to call Officer Matthew Conti to testify at Defendant's sentencing hearing. To adequately consider the effect of that new information, the Court again adjourned the sentencing hearing until November 13, 2023 and ordered a supplemental proffer of the salient points of Officer Conti's testimony. ECF 51. After carefully reviewing all the memoranda and briefing, as well as the proffered testimony, the Court will rule before the sentencing hearing on whether the Government's requested section 3C1.1 sentence enhancement is appropriate.

1

## LEGAL STANDARD

Section 3C1.1 allows a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction or a closely related offense." (alterations omitted). The guideline notes provide a non-exhaustive list of examples that includes "destroying or concealing . . . evidence that is material to an official investigation or judicial proceeding." *Id.*, cmt. n.4(D). And the notes define material evidence as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." *Id.*, cmt. n.6. Additionally, the notes clarify that section 3C1.1 "is not intended to punish a defendant for the exercise of a constitutional right." *Id.*, cmt. n.2. When considering sentence enhancements, the Court applies the preponderance of the evidence standard. *United States v. Kizer*, 517 F. App'x 415, 418 (6th Cir. 2013).

## FACTUAL BACKGROUND

The Government's basis for seeking the sentencing enhancement arises from facts surrounding a shooting that occurred outside a residence in Ecorse, Michigan in July 2022. ECF 44, PgID 147. According to an eyewitness, Defendant was arguing with "Mr. Johnson-Berry" when Johnson-Berry attempted to draw a pistol from his waistband. *Id.* at 147–48. But Defendant drew a pistol first and shot Johnson-Berry, who died soon after. *Id.* Defendant fled the scene. *Id.* When officers arrived, they located a shell casing from the bullet the police believed had caused Johnson-Berry's

death. *Id.* And Defendant later pleaded guilty to possession of the pistol round—the crime for which he will now be sentenced. ECF 41. The Wayne County Prosecutor decided not to charge Defendant with homicide because of insufficient evidence. ECF 44, PgID 148. Defendant maintained throughout that he acted in self-defense. *Id.*

A few weeks after the shooting, officers found Defendant at an apartment in Clarkston, Michigan and took him into custody. *Id.* Defendant was placed in the back of a patrol vehicle while officers searched his apartment, apparently "looking for the murder weapon." ECF 48, PgID 229. A dashcam recording from inside the patrol vehicle showed Defendant sitting handcuffed in the back seat and talking jovially to an officer standing outside the vehicle. Defendant, smiling, yelled, "Man, what they lookin' for?" Dashcam Video at 1:05. The response is inaudible. Then, Defendant laughed and said, "Man, tell them that b**** in the river." *Id.* at 1:11. "I don't know what that b**** is, I'm talking about a female." *Id.* at 1:29. The parties agree that the weapon was never found.

Based on the facts described above, the Government proposed that Defendant receive a two-level enhancement under Section 3C1.1 for obstructing justice. ECF 48, PgID 228. The Government's basis for application of the enhancement was that Defendant "interfere[ed] with the homicide investigation" when he allegedly "disposed of the murder weapon in the river." *Id.* at 229. And in support, the Government alleged that "that b****" referred to the pistol Defendant used to shoot the victim. *Id.* The Government proffered that Officer Matthew Conti would testify that he was the officer standing outside the patrol vehicle speaking to Defendant the

3

day Defendant was arrested. ECF 52, PgID 280. According to the Government, Officer Conti would testify that he "believed [Defendant] to be talking about the firearm" when he made statements about "that b****." *Id.*

## DISCUSSION

Simply put, the evidence the Government proposed to support the enhancement amounts to speculation. Indeed, the probation officer noted in the Presentence Investigation Report that there is "no information indicating [that] [D]efendant impeded or obstructed justice." ECF 44, PgID 148. Notably, the probation officer was aware of Defendant's statements about "that b****" in the river when she prepared the report. *See id.* Yet the officer did not recommend an obstruction of justice enhancement. *Id.* The Court agrees with the probation officer and will decline to apply the enhancement for the following two reasons.

First, even if Defendant had intentionally thrown the pistol in the river, such an act would not have impeded or obstructed investigation of *the instant offense of conviction*. *See United States v. Turner*, 738 Fed. Appx. 856, 863 (6th Cir. 2018) (emphasizing that "the defendant must have intended to obstruct *his criminal proceeding*") (emphasis in original) (citation omitted). Defendant pleaded guilty to being a felon in possession of ammunition. Defendant is not being sentenced for—nor was he ever charged with—the killing of Johnson-Berry. ECF 44, PgID 148. And although felon in possession of a firearm is a "closely related offense" to felon in possession of ammunition, Defendant needed to have willfully obstructed "the investigation . . . of the instant offense" for the enhancement to apply. Thus, even if

4

the Government's interpretation of Defendant's statements was true, a section 3C1.1 sentence enhancement would not apply.

What is more, "the obstruction adjustment applies where a defendant engages in obstructive conduct with knowledge that he or she is the subject of an investigation or with the correct belief that an investigation of the defendant is probably underway." *United States v. Brown*, 237 F.3d 625, 628 (6th Cir. 2001) (quotation marks and quotation omitted). Here, a preponderance of the evidence does not suggest that Defendant knew he was being investigated for being a felon in possession of ammunition or even for the killing of Johnson-Berry. To the contrary, Defendant was arrested based on a warrant issued for failing to appear for a State court proceeding—a matter completely unrelated to the July shooting or the charge of felon in possession. ECF 53, PgID 285. It would therefore be improper to apply the enhancement based on the premise that Defendant obstructed the investigation of a charge of homicide or felon in possession when, in fact, no evidence suggests he was under investigation for either charge.

Second, putting aside the applicability of the requested enhancement, the evidence is insufficient to establish that Defendant intentionally disposed of the gun. The Government relies on two major assumptions in contending that Defendant's reference to "that b**** in the river" was an admission to obstruction of justice: (1) "that b****" referred to the pistol; and (2) Defendant intentionally caused the pistol to end up in the river. Yet the Government's assumptions are not supported by a preponderance of the evidence. Indeed, Defendant may have a totally different

5

explanation for his statement. For example, he may assert he was not speaking about a gun at all. The context of the conversation between Defendant and the officer does not make it more probable that Defendant was talking about a gun rather than an unrelated object or, as Defendant says in the Dashcam video, "a female." Dashcam Video at 1:29. Or Defendant may deny that he disposed of the gun. Defendant never stated how "that b****" ended up in the river; he never said that he threw it in the river, as the Government alleged. *See* ECF 48, 229. And Defendant is not required to testify on the events at issue given his Fifth Amendment right to remain silent.

The only evidence offered in support of either assumption is Officer Conti's proffered testimony. But his testimony that he believed Defendant was referring to the pistol does not make that assumption any less speculative. *See* ECF 52, PgID 280–81. And it certainly does not establish by a preponderance of the evidence that Defendant disposed of the pistol or that he did it willfully. The question is what Defendant did with the weapon, not what an officer believed the Defendant was talking about when Officer Conti overheard his remark. And unfortunately, Officer Conti's experience or expertise do not justify speculation to the contrary.

The Court therefore will not find that Defendant obstructed justice and will decline to enhance Defendant's sentence accordingly.

**WHEREFORE**, it is hereby **ORDERED** that the request for the application of an obstruction of justice enhancement to Defendant's sentence guideline level will be **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: December 11, 2023